### THOMAS E. COMBS v. JOHN LIPPINCOTT, BUILDER, AND ADMINISTRATOR OF N. D. THOMPSON, DECEASED.

From a two-story frame dwelling-house, fifty-six feet front by twenty-six feet in depth, the roof was removed and a new one put on. Some of the weather-boards were taken off; a part of the building, sixteen feet front by twenty-six feet deep, was taken down to the foundation and removed, leaving on the north twenty-two by twenty-six feet, and on the south, eighteen by twenty-six feet still standing. The central

Combs v. Lippincott.

part was built up anew from the foundation; some ceilings were altered; some new floors were laid; some new studs and joists put in, and changes made in windows and in arrangement of rooms, stairways, &c. *Held*—that while a building may be so entirely changed in plan, in structure, in dimensions, and in general appearance, as to become, in a fair sense, and according to common understanding, a new structure, and yet facts may show, as in this case, that such construction or erection is not within the meaning of the lien law.

The action was for the recovery of a certain lien claim on a building in the county of Burlington.

On the trial of this cause at the circuit, the question was reserved for the advisory opinion of this court, whether, upon the evidence, the building was subject to the lien claimed by the plaintiffs. The facts appear in the opinion of the court.

Argued before BEASLEY, CHIEF JUSTICE, and Justices SCUDDER, VAN SYCKEL, and WOODHULL.

For claimant, *Fred. Voorhees.*

Contra, *G. S. Cannon.*

WOODHULL, J. The plaintiff founds his claim to a lien in this case, on the first section of the act to secure to mechanics and others payment for their labor and materials in erecting any building, approved March 11th, 1853.

That section provides that every building thereafter erected or built within this state, shall be liable for the payment of any debt contracted and owing to any person for labor performed or materials furnished for the erection and construction thereof, which debt shall be a lien on such building, and on the land whereon it stands, including the lot or curtilage whereon the same is erected. *Nix. Dig.* 571–2.

The only question to be determined is, whether the plaintiff's materials were furnished for the *erection* and *construction* of the defendant's building in the sense of our act. If they

Combs v. Lippincott.

were furnished for repairs, there can be no lien, because the debt was not contracted by the owner, nor by any other person, with the owner's consent, in writing. *Nix. Dig.* 576, *pl.* 19.* And a debt contracted for alterations merely, is not, under our statute, a lien in any case. *Nix. Dig.* 572, *pl.* 5.†

While it must be admitted that a building may be greatly changed in structure, in the materials which enter into it, and in its internal arrangements, without at all losing its identity, or ceasing to be the same building, it can hardly be denied, I think, that it may be so entirely changed in plan, and structure, in dimensions, and in general appearance, as to become, in a fair sense, and according to the common understanding of men, another building—a new building—an *erection*, in the sense of our lien law, although some portion of the old materials may remain in it. In a great majority of cases it will be apparent, at once, to which of these two classes the building properly belongs.

But it is obvious that cases may arise in which it must necessarily be difficult to determine whether the new work and materials have resulted in turning the old erection into a new one, or whether they amount only to repairs or alterations of a building previously erected.

The case now before us, however, does not present this difficulty. The facts proved go no further than to show a partial restoration and alteration of the Kellum mansion, and cannot be fairly regarded as amounting to the erection or construction of a building in the sense of our act.

Removing the old roof, taking off a part of the weatherboards, and taking down to the foundation and removing sixteen feet front by twenty-six feet in depth from about the middle of the building, did not, by any means, destroy it; by far the larger part of the old building—more than two-thirds—yet remained standing.

And when the new roof had been put on, and the middle part had been built up even from the foundation, and everything else had been done of which there is any evidence in the

* *Rev.*, p. 669, § 8.      † *Rev.*, p. 669, § 5.

case, the result was manifestly not a new erection, but simply an old house partially restored to its former condition—the old Kellum residence repaired, and, in some respects, altered in its interior arrangements, to suit the convenience or the fancy of its owner.

The Circuit Court is, therefore, advised that the building in question is not subject to the lien claim by the plaintiff.

BEASLEY, CHIEF JUSTICE, and Justices SCUDDER and VAN SYCKEL concurred.